UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT G. TREJO,

       Plaintiff,                      Case No. 10-12051

vs.

                                    HONORABLE DENISE PAGE HOOD

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION
REGARDING SUMMARY JUDGMENT MOTIONS
AND
ORDER DISMISSING ACTION**

**I. Introduction**

This matter is before the Court on Magistrate Judge Mark A. Randon's Report and Recommendation, dated June 27, 2011. [Docket No. 17]  On November 15, 2010, Plaintiff filed a Motion for Summary Judgment. [Docket No. 12]  Defendant filed a Motion for Summary Judgment on January 14, 2011. [Docket No. 15]  Magistrate Judge Mark Randon issued a Report and Recommendation granting Defendant's Motion for Summary Judgment on June 27, 2011. [Docket No. 17]  Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on July 22, 2011. [Docket No. 20]  Defendant filed a response to Plaintiff's objections on August 5, 2011. [Docket No. 21]

**II. Standard of Review**

    **A. Report and Recommendation**

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination

of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. To preserve the right to appeal the Magistrate Judge's recommendation, Plaintiff is obligated to file objections to the Report and Recommendation within fourteen days of service, as provided in U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right to an appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections to the Magistrate Judge's recommendation on July 22, 2011. [Docket No. 20]

### B. Summary Judgment

Under Fed. R. Civ. P. Rule 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). As the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion,

> against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

### III.  Applicable Law & Analysis

Plaintiff raises one objection to the Magistrate Judge's Report and Recommendation. Plaintiff objects to the Magistrate Judge's assessment discounting the opinion of Plaintiff's physician Dr. Daniel Duffy. Dr. Duffy's conclusion that Plaintiff was permanently disabled is inconsistent with the medical record.  Dr. Duffy himself noted that Plaintiff is capable of performing "more sedentary jobs." [Docket No. 17, Page 16]  Plaintiff was given a number of examinations where Dr. Duffy found his condition to be improving.  On February 26, 2007, Dr. Duffy "commented that Plaintiff could not work with the combination of medical and psychological problems" that he had at that time. [Docket No. 17, Page 8]  On an assessment completed March 28, 2007, Dr. Duffy diagnosed Plaintiff with a herniated disc, radiculopathy, and depression. [Docket No. 17, Page 9]  After the February 26, 2007 assessment, Dr. Duffy never stated that Plaintiff was unable to work.  During the March 28, 2007 evaluation, Dr. Duffy

only noted that Plaintiff would require additional rest periods and that Plaintiff must be able to escape harm from moving machinery. [Docket No. 17, Page 9] The record indicates that Plaintiff was not regularly attending physical therapy, nor was he taking any medication on a regular basis. [Docket No. 17, Page 15]

While it is the general rule that the opinion of the treating physician be given controlling weight, that opinion is not entitled to controlling weight when it is "not well supported by medically acceptable clinical and laboratory diagnostic techniques" and proves to be "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). "The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). "Considering the evidence of record as a whole, the ALJ reasonably found that Plaintiff could perform a significant range of light work and correctly discounted Dr. Duffy's opinion." [Docket No. 17, Page 16]. Plaintiff's objection to the ALJ's failure to consider the vocational testimony considering Dr. Duffy's restriction also fails.

**IV. Conclusion**

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Mark A. Randon's Report and Recommendation [**Docket No. 17, filed June 27, 2011**] is ACCEPTED and ADOPTED as this Court's finding of fact and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[Docket No. 12, filed November 15, 2010]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 15, filed January 14, 2010]** is GRANTED.

- 5 -

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


                                        s/Denise Page Hood
                                        United States District Judge

Dated: August 31, 2011August 31, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2011August 31, 2011, by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry
                                        Case Manager